**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL PATRICK NEWMAN, | |
| Plaintiff, | CIVIL ACTION NO. 3:15-CV-00376 |
| v. | (JUDGE CAPUTO) |
| BARRETT TOWNSHIP, et al., | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is a Motion to Dismiss Plaintiff Michael Patrick Newman's Complaint (Doc. 9) filed by Defendants Barrett Township, Barrett Township Police Department, Officer Lawrence Raisner, and Officer Robert Sheranko ("Defendants"). Plaintiff asserts false arrest, false imprisonment, malicious prosecution, and excessive force claims against Defendants all related to an arrest that occurred on or about February 28, 2013. Defendants move to dismiss the Complaint, arguing that the Complaint fails to sufficiently identify any facts to support its claims. Because I agree with Defendants that Plaintiff has failed to plead sufficient facts to support his claims, I will grant Defendants' Motion to Dismiss. However, Plaintiff shall have twenty-one (21) days to file an Amended Complaint in accordance with this Memorandum.

**I. Background**

The facts as set forth in Plaintiff's Complaint are as follows:

Defendants Lawrence Raisner and Robert Sheranko are law enforcement officers employed by Defendant Barrett Township Police Department/Barrett Township. (Doc. 1, ¶¶ 3-4.) On or about February 28, 2013, Defendant Lawrence Raisner detained, imprisoned, and arrested Plaintiff in a canine unit vehicle after Plaintiff advised that he had serious asthmatic and allergic propensities. (*Id.* ¶ 7.) Defendant Raisner attempted to question Plaintiff regarding another investigation and stated that maybe Plaintiff would "start

talking" to avoid an asthma attack.  (*Id.*)  Plaintiff did, in fact, suffer a severe asthmatic or allergic reaction.  (*Id.*)

Charges related to the incident of February 28, 2013 were not filed against Plaintiff until April 25, 2013, all of which ultimately terminated in Plaintiff's favor.  (*Id.* ¶ 9.)  The charges were filed and sworn to by Defendant Sheranko.  (*Id.*)  Plaintiff asserts that his detainment, arrest, and prosecution were all unlawful because (1) Defendants failed to conduct a proper investigation, (2) there was no probable cause, (3) Plaintiff was prosecuted on the basis of unreliable witnesses, and (4) Defendants used excessive force. (*Id.* ¶ 10.)

Plaintiff further asserts that Defendant Barrett Township's official policy or custom approving of the Officers' conduct, inadequate training, inadequate supervision and/or inadequate screening during the hiring process, caused the deprivation of Plaintiff's Constitutional rights.  (*Id.* ¶ 13.)  Moreover, Defendant Barrett Township was deliberately indifferent to the fact that said official policy or custom, inadequate training, inadequate supervision, or inadequate screening during the hiring process was highly likely to result in the violation of constitutional rights.  (*Id.* ¶ 14.)  Finally, Plaintiff asserts that Defendant Barrett Township continued to employ Defendant Raisner even after being put on clear notice of his propensity to violate the constitutional rights of citizens.  (*Id.* ¶ 15.)  Defendant Barrett Township was on notice based on numerous complaints, reprimands, and civil court actions brought against Defendant Raisner, with at least one active civil action in litigation at the time of Plaintiff's arrest.  (*Id.*)

## II. Discussion

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  *See* Fed.

R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of his claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *Id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). As such, "[t]he touchstone of the pleading standard is plausability." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible

on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

In deciding a motion to dismiss, the Court should consider the complaint, exhibits attached to the complaint, and matters of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Pension Benefit Guar. Corp.*, 998 F.2d at 1196. The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

**B.     Plaintiff's Section 1983 Claims**

Plaintiff brings claims under 42 U.S.C. § 1983, which provides that every person who, under color of state law, subjects any citizen of the United States to the deprivation of any federal right shall be liable to the party injured.

**1.     First, Fifth, Sixth, and Eighth Amendment Claims**

Plaintiff concedes that his Complaint fails to state claims for violations of his rights under the First, Fifth, Sixth, and Eighth Amendments. (*See* Doc. 11, Pl.'s Opp., at 5).

Accordingly, these claims will be dismissed.

### 2. False Arrest and False Imprisonment

False arrest and false imprisonment are "essentially the same claim." *Olender v. Twp. of Bensalem*, 32 F. Supp. 2d 775, 791 (E.D. Pa. 1999) (citing Pennsylvania cases). A claim under section 1983 for false arrest and false imprisonment is grounded in the Fourth Amendment guarantee against unreasonable seizures. *Garcia v. Cnty. of Bucks*, 155 F. Supp. 2d 259, 265 (E.D. Pa. 2001) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)). To maintain his false arrest claim, a plaintiff must show that the arresting officer lacked probable cause to make the arrest. *Id.* Probable cause exists when the totality of the facts and circumstances are sufficient to warrant an ordinary, prudent officer to believe that the party charged has committed an offense. *Id.* When evaluating allegations of lack of probable cause, the Court examines "not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988). Where the police lack probable cause to make an arrest, the arrestee has a section 1983 claim for false imprisonment based on a detention pursuant to that arrest. *Groman*, 47 F.3d at 636.

Here, Plaintiff was detained, imprisoned, and arrested by Defendants on or about February 28, 2013. Plaintiff asserts that Defendants had no probable cause to believe that Plaintiff had violated any laws and that Defendants' actions were reckless, wanton and outrageous, and malicious. (Doc. 1, ¶¶ 18-19.) Defendants argue Plaintiff has not pled sufficient facts under *Twombly/Iqbal* to support this claim. I agree. More specifically, I find that Plaintiff has failed to plead sufficient facts to support a reasonable inference that Defendants acted without probable cause, a necessary element of Plaintiff's claims. *See Spiker v. Whittaker*, 553 F. App'x 275, 278 (3d Cir. 2014) ("To

state a plausible claim for false arrest, false imprisonment, or malicious prosecution under the Fourth Amendment, a plaintiff must plead sufficient facts to support a reasonable inference that the defendants acted without probable cause.").

First, Plaintiff makes conclusory allegations that Defendants' arrest and detainment of Plaintiff "lacked probable cause" and that Defendants "fail[ed] to conduct a proper investigation." (Doc. 1, ¶¶ 10, 18, 25.) Absent any supporting factual allegations as to why the arrest or detainment lacked probable cause or how Defendants failed to conduct a proper investigation, these allegations fail to adequately plead a claim for false arrest or detainment. *Ashcroft v. Iqbal*, 556 U.S. 662, 682-83 (2009).

Second, Plaintiff argues that his Complaint adequately alleges that Defendants lacked probable cause because it alleges that Defendants (1) attempted to question Plaintiff in a canine unit vehicle regarding another investigation after Plaintiff advised that he had serious asthmatic propensities and (2) stated that maybe Plaintiff would "start talking" to avoid an asthma attack. Putting aside the issue of whether such tactics constitute excessive force, these allegations do not speak to whether Defendants had probable cause for the arrest or detention. Plaintiff asserts no other facts that would shed light on the circumstances under which he was arrested, on what the officers knew or should have know at the time of the arrest, on what crime he was arrested for, or any other factor that might have a bearing on whether there was probable cause. Thus, he has failed to plead facts sufficient to survive a motion to dismiss. *Jenkins v. City of Phila.*, No. 15-cv-3271, 2015 WL 5585186, at *3 (E.D. Pa. Sept. 23, 2015); *see also id.* (dismissing false arrest claim because the plaintiff's allegations that he was arrested twice by various officers, that he did not have drugs in his possession, that he did not break the law, that the police confiscated his property and failed to return it, and that the charges stemming from both arrests were *nolle prossed* failed to allege a lack of

probable cause); *Santiago v. Hulmes*, No. 14-7109, 2015 WL 1422627, at *4 (E.D. Pa. Mar. 30, 2015) (dismissing false arrest, false imprisonment, and malicious prosecution claims where the plaintiffs failed to "affirmatively assert facts to show that the Officer Defendants did not have probable cause"; plaintiffs simply alleged that all of the allegations against them in the underlying criminal proceedings were false); *Wheeler v. Wheeler*, No. 3:14-cv-432, 2014 WL 4716731, at *3-4 (M.D. Pa. Sept. 22, 2014) (dismissing false arrest claim when the plaintiff merely pled that he was "unlawfully arrested").

Third, Plaintiff avers that the criminal charges were ultimately terminated in his favor. However, this also fails to establish lack of probable cause because probable cause requires less than proof beyond a reasonable doubt. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482-83 (3d Cir. 1995) ("Probable cause to arrest requires more than mere suspicion; however, it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt."); *see also Jenkins*, 2015 WL 5585186, at *3 (dismissing false arrest claim even though underlying charges were *nolle prossed*). Therefore, the mere fact that Plaintiff ultimately was not convicted does not mean that Defendants lacked probable cause to initially arrest or detain him.

Accordingly, I find that Plaintiff has failed to plead sufficient facts to support a reasonable inference that Defendants acted without probable cause. Given this finding, I need not reach the question of whether Plaintiff has failed to plead sufficient facts to support a reasonable inference that Defendants are not entitled to qualified immunity. Plaintiff's false arrest and false detention claims will be dismissed.

### 3. Malicious Prosecution

A malicious prosecution claim under section 1983 differs from the common law tort. *See Donahue v. Gavin*, 280 F.3d 371, 379 (3d Cir. 2002). A plaintiff must base his claim on a deprivation of liberty or some constitutional right other than substantive due

process. When, as here, the claim is brought under the Fourteenth Amendment, the elements of a malicious prosecution claim under section 1983 are: (1) the defendant initiated a criminal proceeding; (2) he did so without probable cause; (3) the proceeding ended in the plaintiff's favor; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) as a consequence of a proceeding, the plaintiff suffered a deprivation of liberty consistent with the concept of seizure. *Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007).

Here, Plaintiff asserts that Defendants initiated criminal proceedings against Plaintiff, without probable cause, and that the proceedings terminated in Plaintiff's favor. (*See* Doc. 1, ¶¶ 30-31.) Plaintiff asserts that Defendants acted with actual malicious purpose or for a purpose other than bringing Plaintiff to justice and that Plaintiff suffered damages as a direct result of Defendants' actions.

Again, Plaintiff has failed to plead sufficient facts to support a reasonable inference that Defendants lacked probable cause to initiate criminal proceedings against him. Plaintiff only makes conclusory allegations that "[t]he proceedings were initiated without probable cause" (Doc. 1, ¶ 31), without asserting any facts that would shed light on the circumstances under which Defendants initiated proceedings against Plaintiff, what Defendants knew or should have known, what crime Plaintiff was arrested for, or any other factor that might have a bearing on whether there was probable cause for Defendants to initiate the proceedings. *See Jenkins v. City of Phila.*, No. 15-cv-3271, 2015 WL 5585186, at *3 (E.D. Pa. Sept. 23, 2015). Therefore, Plaintiff's malicious prosecution claim will be dismissed.

### 4. Excessive Force

Plaintiff also asserts that Defendant Lawrence Raisner used excessive force in detaining and arresting Plaintiff. Plaintiff asserts that Defendant Raisner intentionally forced Plaintiff into a canine unit vehicle after Plaintiff advised him that he had serious asthmatic propensities. Defendant Raisner purportedly attempted to question Plaintiff regarding another investigation and stated that maybe Plaintiff would "start talking" to

avoid an asthma attack.  Plaintiff alleges that he did, in fact, ultimately suffer a severe asthmatic reaction and that distress was caused to himself and his family.

To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show (1) that a "seizure" occurred and (2) that it was "unreasonable."  *Curley v. Klem*, 499 F.3d 199, 203 n.4 (3d Cir. 2007) (citation and internal quotation marks omitted).  An officer seizes a person whenever he "restrains the freedom of a person to walk away."  *Tennessee v. Garner*, 471 U.S. 1, 7 (1985).

In their motion to dismiss, Defendants argue that Eighth Amendment excessive force claims only apply to "those convicted of a crime," and Plaintiff had not been convicted.  (*See* Doc. 10, Defs.' Mot. to Dismiss, at 11 (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989).)  However, because Plaintiff raises his excessive force claim in the context of an arrest (*i.e.*, Defendants used excessive force against Plaintiff during the course of an arrest), this claim should be analyzed under the Fourth Amendment, not the Eighth Amendment.  *See Graham*, 490 U.S. at 395-96 (holding that all claims that law enforcement officers have used excessive force in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard).

Because a seizure did occur when Defendant Lawrence Raisner arrested Plaintiff, my inquiry is whether the force used to effect that seizure was excessive, and thus unreasonable.  The reasonableness assessment "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake."  *Graham v. Connor*, 490 U.S. 386, 396 (1989).  The reasonableness inquiry in an excessive force case is an objective one:  the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.  *Id.* at 397.  An officer's "evil intentions" will not make a Fourth Amendment violation out of an objectively reasonable use of force.  *Id.*  It is well-settled that "the right to make an arrest or investigatory stop necessarily carries with it

9

the right to use some degree of physical coercion or threat thereof to effect it." *Id.* at 396. The test for reasonableness under the Fourth Amendment "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396 (citing *Garner*, 471 U.S. at 8-9). A court may also consider the possibility that the persons subject to the police action are violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time. *See Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997).

Here, Plaintiff fails to allege any facts sufficient to allow me to consider any of these factors in analyzing his excessive force claim. For example, because he fails to allege the crime for which he was arrested, I cannot consider the severity of the crime at issue or determine whether he posed an immediate threat to the safety of the officers or others. He also fails to make any allegation as to whether he attempted to resist arrest or whether he fully cooperated with the officers during the arrest. Therefore, the motion to dismiss Plaintiff's excessive force claim will be granted.

**C.     Municipal Liability**

A municipality cannot be liable under section 1983 unless it can be shown that its employees violated a plaintiff's civil rights as a result of a municipal policy or practice. *Monnell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Williams v. Borough of West Chester*, 891 F.2d 458, 467 (3d Cir. 1989) (explaining that no *Monnell* liability can attach to a municipal defendant if no individual officials have violated a plaintiff's rights). Therefore, because Plaintiff has failed to state any of his section 1983 claims against the individual Defendants, his claims against Barrett Township and the Barrett Township Police Department will also be dismissed.

### III. Conclusion

For the above stated reasons, Plaintiff's Complaint will be dismissed without prejudice in its entirety. Plaintiff shall have twenty-one (21) days from the date of entry of this Memorandum to file an Amended Complaint to properly plead his claims for false arrest, false imprisonment, malicious prosecution, and excessive force.

An appropriate order follows.

December 2, 2015  /s/ A. Richard Caputo
Date             A. Richard Caputo
                 United States District Judge